UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-407-H

DONALD M. HEAVRIN                                                                                       APPELLANT

V.

J. BAXTER SCHILLING                                                                                       APPELLEE

**MEMORANDUM OPINION AND ORDER**

This appeal arises from the decision of the United States Bankruptcy Court to dismiss an adversary proceeding filed by Donald M. Heavrin ("Heavrin") against the Trustee, J Baxter Schilling ("Schilling") and to award sanctions against Heavrin.

Heavrin originally filed this complaint in the Jefferson Circuit Court alleging that while Schilling was acting as Trustee on behalf of the estate of Triple S Restaurants, Inc., he engaged "in actionable, outrage/intentional infliction of emotional distress." Heavrin says that Schilling attempted to extort a settlement on behalf of the estate against Heavrin in the amount of approximately $240,000.00. Heavrin says that during the settlement discussions, Schilling allegedly threatened criminal prosecution through the United States Attorney's Office if settlement was not reached.

On November 21, 2005, Schilling removed to the federal Bankruptcy Court. Subsequently, Schilling moved for dismissal. On June 2, 2006, Judge Stosberg entered a Memorandum and Order dismissing the adversary proceeding and awarding Schilling his costs, expenses and attorney fees. During the proceedings, Heavrin also moved to disqualify Judge

Stosberg from hearing the case. Judge Stosberg denied that motion. Heavrin filed his Notice of Appeal on July 5, 2006.

This Court reviews the bankruptcy court's legal conclusions de novo, and reviews its factual findings under the clearly erroneous standard. *In re Lowenbraun*, 453 F.3d 314, 319 (6th Cir. 2006). The most significant issue on appeal concerns application of the so-called Barton Doctrine. The Sixth Circuit recently addressed this issue in *In re Lowenbraun*, 453 F.3d 314, 321 (6th Cir. 2006), stating that "leave of the [bankruptcy] forum must be obtained by any party wishing to institute an action in a [state] forum against a trustee, *for acts done in the trustee's official capacity and within trustee's authority of an officer of the court* . . . ." The thrust and purpose of the Barton Doctrine is to allow the Bankruptcy Court to determine whether the Trustee may be sued and, thus, better control the administration of the bankruptcy estate.

Heavrin suggests that merely making allegations of actions outside the Trustee's scope of authority is sufficient to defeat federal jurisdiction. This Court disagrees. The Bankruptcy Court found that Schilling was acting within the scope of his authority and was, therefore, entitled to quasi-judicial immunity from suit for damages. The Sixth Circuit has said that "[a] presumption in favor of the trustee, counsel, or other bankruptcy official that they were acting within the scope of their duties prevents a plaintiff like Ethel from making unsupported allegations in an attempt to defeat Congress's goal of providing exclusive federal jurisdiction over bankruptcy matters." *In re Lowenbraun*, 453 F.3d 314, 321 (6th Cir. 2006). Certainly, the general scope of his activities were within his authority. This is sufficient for the Bankruptcy Court to retain jurisdiction. This Court agrees that the Bankruptcy Court's finding that Appellant failed to rebut the presumption was not clearly erroneous.

2

The Bankruptcy Court also determined that the adversary proceeding was barred by the statute of limitations. KRS 413.120(7) provides for a five year statute of limitations for "[a]n action for an injury to the rights of the Plaintiff, not arising on contract and not otherwise enumerated." In *Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984), the Kentucky Supreme Court held that the five year statute of limitations provided for by KRS 413.120(7) applies to the tort of outrage or emotional distress. The Court finds no basis for imposing a fifteen year statute of limitations. The Court finds that the Bankruptcy Court's conclusions of law are correct as to the applicable statute of limitations.

Heavrin also appeals the denial of his motion to recuse. In a prior case, the Court has already reviewed and addressed many of his arguments. In fact, this very Court upheld a prior denial of a Heavrin motion to recuse Judge Stosberg based upon <u>all or substantially all of the same facts argued in the present appeal</u>. *See In re Triple S Restaurant, Inc.*, 306 B.R. 191, 196 (W.D. Ky. 2004). Therefore a detailed response to these arguments are not necessary. Instead, Schilling will rely upon this Court's opinion in that regard which was upheld by the Sixth Circuit in *In re Triple S Restaurant, Inc.*, 422 F.3d 405, 417 (6th Cir. 2005).

Finally, Heavrin objects to the sanctions imposed by the Bankruptcy Court. The Sixth Circuit standard for imposing sanctions "is whether the individual attorney's conduct was reasonable under the circumstances." *In re HNRC Dissolution Co.*, 330 B.R. 555, 557 (E.D. Ky 2005). Review of an award of sanctions is based upon the clear abuse of discretion standard. *In re Downs*, 103 F.3d 472, 480 (6th Cir. 1996). The history of this litigation demonstrates bad blood between Appellant and both the Court and the Trustee. The Bankruptcy Court concluded that Appellant's actions were motivated by such an improper purpose. Heavrin's brief has not

3

pointed this Court to any clear abuse of discretion by the Bankruptcy Court when it awarded sanctions.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Memorandum and Order of the Bankruptcy Court dated June 26, 2006, is AFFIRMED and this appeal is DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record